UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTOINE JACKSON,<br><br>             Plaintiff,<br><br>      v.<br><br>LAURA MERRITT and RN MCCOY,<br><br>             Defendants. | Case No.  1:18-cv-01327-DAD-HBK<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT DEFENDANTS' MOTION FOR SUMMARY JUDGMENTT[1]<br><br>(Doc. No. 27)<br><br>FOURTEEN-DAY OBJECTION PERIOD |

Pending before the Court is the Motion for Summary Judgment filed by Defendants Laura Merritt and M. McCoy on July 2, 2020. (Doc. No. 27, "MSJ").  Plaintiff did not file an opposition. (*See* Doc. No. 29).  For the reasons stated below, the undersigned finds no genuine dispute as to any material facts and recommends Defendants' MSJ be granted.

## I.    BACKGROUND

Plaintiff Antoine Jackson ("Plaintiff" or "Jackson"), a state prisoner, initiated this action by filing a *pro se* civil rights complaint under 42 U.S.C. § 1983 on September 26, 2018.  (Doc. No. 1).  On May 28, 2019, the then-assigned magistrate judge screened the complaint pursuant to

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Eastern District of California Local Rule 302 (E.D. Cal. 2019).

28 U.S.C. § 1915A and found that Plaintiff had stated a cognizable claim of medical deliberate indifference against Defendants Merritt and McCoy while Plaintiff was at SATF Corcoran. (Doc. No. 11). Defendants answered the complaint on August 23, 2019. (Doc. No. 15).

After discovery and in compliance with the scheduling order (Doc. No. 16), Defendants timely filed the instant MSJ on July 2, 2020. (Doc. No. 27). In support, Defendants submit a statement of undisputed material facts (Doc. No. 27-2); the declaration and CV of Bennett Feinberg (Doc. No. 27-4); the declaration of R. Rada (Doc. No. 27-5); the declaration of L. Merritt (Doc. No. 27-6); the declaration of M. McCoy (Doc. No. 27-7); excerpts of Plaintiff's medical records (Doc. No. 27-4, 10-131; Doc. No. 27-5, 7-69; Doc. No. 27-6, 4-17; Doc. No. 27-7, 4-20); and excerpts of Plaintiff's deposition (Doc. No. 27-8, 3-10). Plaintiff did not submit any materials in opposition to the motion.

## II.   APPLICABLE LAW

### A. Summary Judgment Standard

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material where it is (1) relevant to an element of a claim or a defense under the substantive law and (2) would affect the outcome of the suit. *See Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 247 (1987). The party moving for summary judgment bears the initial burden of proving the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).

When the moving party has met this burden, the nonmoving party must go beyond the pleadings and set forth specific facts, by affidavits, deposition testimony, documents, or discovery responses, showing there is a genuine issue that must be resolved by trial. *See* Fed. R. Civ. P. 56(c)(1); *Pacific Gulf Shipping Co. v. Vigorous Shipping & Trading S.A.*, 992 F.3d 893, 897 (9th Cir. 2021). A mere "scintilla of evidence" in support of the nonmoving party's position is insufficient. *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010). The evidence must allow a reasonable juror, drawing all inferences in favor of the nonmoving party, to return a verdict in that party's favor. *Id.* Conclusory or speculative testimony in affidavits and supporting

1    papers is insufficient to raise a genuine issue of fact and defeat summary judgment. *Soremekun v.*
2    *Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007); *see* Fed. R. Civ. P. 56(c)(2).

3        The court may only consider evidence that would be admissible if offered at trial. Fed. R.
4    Civ. P. 56(c). It has no obligation to consider evidence that is not cited in the papers, though it is
5    permitted to do so. *See* Fed. R. Civ. P. 56(c)(3). The court must view the evidence in the light
6    most favorable to the nonmoving party. *Tolan v. Cotton*, 572 U.S. 650, 655 (2014). It may not
7    weigh evidence or make credibility determinations. *Manley v. Rowley*, 847 F.3d 705, 711 (9th
8    Cir. 2017).

9                    **B. Eighth Amendment Medical Deliberate Indifference**

10       Deliberate indifference to the serious medical needs of an incarcerated person constitutes
11   cruel and unusual punishment in violation of the Eighth Amendment. *See Estelle v. Gamble,* 429
12   U.S. 97, 104 (1976). A finding of "deliberate indifference" involves an examination of two
13   elements: the seriousness of the plaintiff's medical need (determined objectively) and the nature
14   of the defendant's response (determined by defendant's subjective state of mind). *See McGuckin*
15   *v. Smith,* 974 F.2d 1050, 1059 (9th Cir.1992), *overruled on other grounds, WMX Technologies,*
16   *Inc. v. Miller,* 104 F.3d 1133, 1136 (9th Cir.1997) (en banc). On the objective prong, a "serious"
17   medical need exists if the failure to treat "could result in further significant injury" or the
18   "unnecessary and wanton infliction of pain." *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir.
19   2014). On the subjective prong, a prison official must know of and disregard a serious risk of
20   harm. *Farmer v. Brennan,* 511 U.S. 825, 837 (1994). Such indifference may appear when a
21   prison official intentionally denies or delays care, or intentionally interferes with treatment once
22   prescribed. *Estelle,* 429 U.S. at 104-05.

23       If, however, the official failed to recognize a risk to the plaintiff—that is, the official
24   "*should* have been aware" of a risk, but in fact was not—the official has not violated the Eighth
25   Amendment. *Sandoval v. Cnty. of San Diego*, 985 F.3d 657, 668 (9th Cir. 2021) (emphasis in
26   original). That is because deliberate indifference is a higher standard than medical malpractice.
27   Thus, a difference of opinion between medical professionals—or between the plaintiff and
28   defendant—generally does not amount to deliberate indifference. *See Toguchi v. Chung*, 391

F.3d 1051, 1057 (9th Cir. 2004). An argument that more should have been done to diagnose or treat a condition generally reflects such differences of opinion and not deliberate indifference. *Estelle*, 429 U.S. at 107. To prevail on a claim involving choices between alternative courses of treatment, a plaintiff must show that the chosen course "was medically unacceptable under the circumstances," and was chosen "in conscious disregard of an excessive risk" to the plaintiff's health. *Hamby v. Hammond*, 821 F.3d 1085, 1092 (9th Cir. 2016).

Neither will an "inadvertent failure to provide medical care" sustain a claim, *Estelle*, 429 U.S. at 105, or even gross negligence, *Lemire v. California Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1082 (9th Cir. 2013). Misdiagnosis alone is not a basis for a claim of deliberate medical indifference. *Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir. 2012). A delay in treatment, without more, is likewise insufficient to state a claim. *Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985). It is only when an official both <u>recognizes</u> and <u>disregards</u> a risk of substantial harm that a claim for deliberate indifference exists. *Peralta v. Dillard*, 744 F.3d 1076, 1086 (9th Cir. 2014) (en banc). A plaintiff must also demonstrate harm from the official's conduct. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). And the defendant's actions must have been both an actual and proximate cause of this harm. *Lemire*, 726 F.3d at 1074.

### III.  ANALYSIS

**A.  Allegations in Support of Medical Indifference in Plaintiff's Complaint**

Plaintiff alleges that while he was incarcerated at SATF Corcoran, Defendant Merritt acted unprofessionally and denied him treatment. (Doc. No. 1, 3, ¶ 3). He also alleges that when he initially saw Defendant McCoy for treatment, McCoy told him there was nothing he could do. *(Id.)*. Several days later, Plaintiff alleges, McCoy ordered throat medication for him, though he continued to have night chills and could not eat. *(Id.)*. Sometime later, Plaintiff alleges he asked to be tested for Valley Fever,[2] but another unidentified nurse told him he did not have Valley Fever and that nothing was wrong. *(Id.)*.

---

[2] Valley Fever is the colloquial name of the fungal infection coccidioidomycosis. *Edison v. United States*, 822 F.3d 510, 513 (9th Cir. 2016); *see* Doc. No. 27-4 at 3, n.1; 6 ¶ 24.

4

The following week, Plaintiff was transferred to another facility and three days after that, was taken to an outside hospital, where he was informed his "blood count was low" and was diagnosed with pneumonia. *(Id.* ¶ 3). At some point, Plaintiff was coughing up blood. *(Id.* ¶ 4). He was tested for Valley Fever in January 2018. On June 2, 2018, Plaintiff learned that he had Valley Fever for six months. *(Id.* ¶ 3).

### B. Plaintiff's Failure to Properly Oppose the Motion Under Rule 56

On July 2, 2020, Defendants served Plaintiff with their MSJ, including a warning under *Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1988), that described Plaintiff's obligations in responding to a summary judgment motion. (Doc. Nos. 27-9, 27-10). Plaintiff did not submit any materials in opposition to the motion. On August 26, 2020, Defendants served Plaintiff with a declaration stating that Plaintiff had failed to file any opposition to Defendants' MSJ. (Doc. No. 29). Plaintiff has still not submitted any materials in opposition to the motion.

The Court may not automatically grant summary judgment to a defendant solely because a plaintiff fails to properly oppose the motion. *See* Fed R. Civ. P. 56(e)(2)-(3); *Heinemann v. Satterberg*, 731 F.3d 914, 917 (9th Cir. 2013). A plaintiff's verified complaint may be used as an opposing affidavit under Rule 56. *Schroeder v. McDonald*, 55 F.3d 454, 460 (9th Cir. 1995). To function as an opposing affidavit, the complaint must be based on personal knowledge, not merely belief, and set forth specific, admissible facts. *Id.*; Fed. R. Civ. P. 56(e).

A complaint's conclusory allegations, unsupported by specifics facts, will not be sufficient to avoid summary judgment. *Arpin v. Santa Clara Valley Transportation Agency,* 261 F.3d 912, 922 (9th Cir. 2001). Where, as here, a plaintiff fails to properly challenge the facts asserted by the defendant, the plaintiff may be deemed to have admitted the validity of those facts. *See* Fed. R. Civ. P. 56(e)(2). A court may grant an unopposed or inadequately opposed motion for summary judgment if the supporting papers are themselves sufficient to warrant granting the motion and do not on their face reveal a genuine issue of material fact. *See Henry v. Gill Industries, Inc.*, 983 F.2d 943, 950 (9th Cir. 1993). The Court will consider the entire record and deem only those facts true which are properly supported by evidence.

//

### C. Undisputed Facts

Initially, the Court determines the follow background facts to be undisputed: Plaintiff was incarcerated at SATF Corcoran from July 28, 2017 to December 20, 2017, when he was transferred to Richard J. Donovan Correctional Facility ("RJD"). (Doc. Nos. 1 at 3 ¶ 3; 27-5 at 4 ¶13; 27-6 at 3 ¶12). Defendant Merritt was employed at SATF Corcoran as a nurse practitioner and a primary care provider between July 27, 2017 and December 12, 2017. (Doc. No. 27-6 at 1-2 ¶¶ 4-5). Defendant McCoy was employed at SATF Corcoran as a registered nurse between July 27, 2017 and December 12, 2017. (Doc. No. 27-7 at 1 ¶4).

Defendants provide a chronology and supporting evidence detailing the numerous medical appointments Plaintiff had with Defendants between August and November 2017 and the treatment he received. (Doc Nos. 27-2 at 2-4 ¶¶ 7, 10-30; 27-5 at 2-4 ¶¶ 9-12; 27-6 at 2-3 ¶¶ 6-10; 27-7 at 2 ¶¶ 6-7). These include appointments relating to leg pain, jaundice, fatigue, anemia, and hepatitis C. (*Id.*) Plaintiff, however, admits that symptoms he attributes to Valley Fever did not start until the beginning of December 2017 (Doc. No. 27-8 at 8:11-13), which is supported by the medical records (Doc. Nos. 27-4 at 3-4 ¶¶ 7-12; 27-5 at 4 ¶ 12, 28). Thus, the relevant time period for Plaintiff's claims is between the beginning of December 2017—the asserted onset of symptoms—and December 20, 2017, when Plaintiff was transferred from SATF Corcoran to RJD.[3]

The undersigned finds the following material facts to be undisputed upon a thorough review of the record, including Plaintiff's verified complaint, Defendants' statement of undisputed facts, and Defendants' supporting evidence:

- On December 4, Plaintiff submitted a health care services request form stating that he was "really sick." (Doc. Nos. 27-4 at 3 ¶ 10, 14; 27-7 at 2 ¶ 8).
- On December 5, 2017, McCoy met with Plaintiff and was informed that his nausea

---

[3] The record shows Plaintiff was tested for and diagnosed with Valley Fever in January 2018, while incarcerated at RJD, but this condition was apparently left untreated for six months, until June 2018. (Doc. No. 27-5 at 4-5 ¶¶ 15-17; Ex. C at 58-69; *see also* Doc. No. 1 at 3 ¶ 3). These circumstances, while troubling, are outside the scope of Plaintiff's complaint against Defendants Merritt and McCoy and not at issue in this MSJ.

6

and vomiting symptoms had cleared up and that he did not have any chills, cough, fever, loss of appetite, night sweats or weight loss greater than ten pounds. Plaintiff was already scheduled for an appointment with his primary care provider for later that day. (Doc. No. 27-7 at 2 ¶ 8).

- On December 5, 2017, Merritt, Plaintiff's primary care provider, examined Plaintiff. Plaintiff informed her that his symptoms of nausea, vomiting, and diarrhea had resolved and that he was eating. His exam was unremarkable. He did not request a test for Valley Fever. (Doc. No. 27-6 at 2 ¶ 11).

- On December 6, 2017, Plaintiff submitted another health services request form, stating that he had been sick for the last three days and that the medications given to him were not helping. (Doc. No. 27-7 at 2 ¶ 8).

- On December 8, 2017, Plaintiff informed McCoy that his "symptoms have resolved" and that he had "no complaints today." McCoy made no clinical findings that would cause him to refer Plaintiff to a primary care provider but McCoy advised Plaintiff to submit another health request form as needed. This was the last time McCoy examined Plaintiff. (Doc. No. 27-7 at 3 ¶ 9).

- On December 12, 2017, stating he had been sick for two weeks, Plaintiff first requested a Valley Fever test by submitting a health services request form. (Doc. Nos. 27-5 at 4 ¶ 12; 27-8 at 8:25-9:7).

- On December 12, 2017, an unidentified registered nurse at SATF Corcoran—not either of the Defendants—reviewed Plaintiff's health care request form. The nurse met with Plaintiff, determined his vital signs were normal and that his lungs were clear on auscultation. She referred him for an appointment with his primary care provider within 14 days, a routine time frame for non-emergency, non-urgent care. (Doc. No. 27-6 at 4 ¶ 12).

- At no time was L. Merritt aware that Plaintiff requested a Valley Fever test. (Doc. No. 27-6 at 3 ¶¶ 11, 13).

- On December 20, Plaintiff was transferred to RJD and was no longer under the

7

care of Defendants.  (Doc. Nos. 27-5 at 5-6, ¶¶ 17, 23-24; 27-6 at 4 ¶ 13).

- In January 2018, Plaintiff was diagnosed with pneumonia at another institution. (Doc No. 1 at 3 ¶ 3; 27-4 at 5 ¶¶ 18-19).
- Dr. Feinberg, Board Certified in internal medicine, opines that Defendants were attentive to Plaintiff's medical needs and that Plaintiff did not present to Defendants with symptoms suggestive of Valley Fever. (Doc. No. 27-4 at 6 ¶ 23).
- R. Rada, a registered nurse, opines that Plaintiff was properly treated and was not denied medical care or access to care by McCoy.  (Doc. No. 27-5 at 5 ¶¶ 18, 20).
- R. Rada also opines that Plaintiff was properly treated and was not denied medical care or access to care by Merritt.  (Doc. No. 27-5 at 5 ¶¶ 19-20).

**D. The Undisputed Material Facts Show Merritt and McCoy Were Not Deliberately Indifferent**

Deliberate indifference is a two-pronged inquiry: (1) was plaintiff's medical need serious; and, if so, (2) did the defendant know of and disregard the risk of plaintiff's medical need, causing harm.  *Jett*, 439 F.3d at 1096.  In their MSJ, Defendants do not address the first prong—whether the risks of Valley Fever are serious.  The Court, nonetheless, finds that the risks of Valley Fever are indeed serious, as the infection can lead to a severe respiratory disease and, in rare cases, to death.  *Hines v. Youseff*, 914 F.3d 1218, 1224 (9th Cir.), *cert. denied sub nom. Smith v. Schwarzenegger*, 140 S. Ct. 159 (2019).

Finding the first prong satisfied, the Court will proceed to the merits of Defendants' motion.  Defendants seek summary judgment on the grounds that Plaintiff cannot establish the second prong of his deliberate indifference claim.  Specifically, Defendants assert they were not deliberately indifferent because they were never subjectively aware Plaintiff needed testing or treatment for Valley Fever, and their treatment of Plaintiff was medically standard. (Doc. No. 27-1 at 1, 8-12).

### 1. Merritt Was Not Deliberately Indifferent

The record shows no genuine dispute of material fact concerning whether Defendant Merritt acted with deliberate indifference to Plaintiff's serious medical condition.  The second

8

prong requires evidence that the defendant actually recognized a substantial risk of serious harm to plaintiff and disregarded that risk. *Farmer*, 511 U.S. at 837. Under penalty of perjury, Merritt declared she was never aware that Plaintiff had Valley Fever. (Doc. No. 27-6 at 3 ¶ 13). This is consistent with the medical records submitted. (Doc. Nos. 27-6 at 3 ¶ 13, 6-15). Merritt saw Plaintiff on December 5, 2017. (Doc. No. 27-6 at 2-3, ¶¶ 11-12). This was the only appointment she had with Plaintiff during the time he claims he experienced Valley Fever symptoms while at SATF Corcoran. (Doc. Nos. 27-6 at 2 ¶ 11; 27-8 at 8:11-13). Plaintiff did not request a Valley Fever test at this time. (Doc. No. 27-6 at 2 ¶ 11). The evidence does not suggest that Merritt otherwise became aware Plaintiff had or needed testing for Valley Fever as a result of this appointment. (*Id.*) To the contrary, Merritt reported that Plaintiff had complained about nausea and vomiting, but was no longer experiencing those symptoms, and that he was eating. (Doc. No. 27-6 at 2-3 ¶¶ 7-13; 15). According to Merritt and the medical records, Plaintiff's examination on December 5, 2017 was unremarkable; they discussed various issues relating to his ongoing treatment for other conditions. (*Id.*). This evidence support's Merritt's declaration that she was not subjectively aware of Plaintiff having Valley Fever.

Additionally, Plaintiff did not make his initial request for Valley Fever testing until December 12, 2017, a week <u>after</u> his last appointment with Merritt. (Doc. No. 27-8 at 8:25-9:2). The request was submitted via a health services request form, which was not delivered to any specific provider, but dropped in a box outside of the medical services office. (*Id.* at 9:3-15). Although the medical provider who received Plaintiff's request issued a referral for Plaintiff to see his primary care provider for a follow up appointment within fourteen days, Plaintiff was transferred from SATF Corcoran to RJD on December 20, 2017, just eight days after the referral. (Doc. No. 27-5 at 4 ¶¶ 12-13; *see also* Doc. No. 1 at 3 ¶ 3). Merritt never became aware that Plaintiff requested Valley Fever testing. (Doc. No. 27-6 at 2-3 ¶¶ 11-12). Plaintiff was first tested for Valley Fever on January 17, 2018, nearly a month after being transferred from SATF Corcoran and out of Merritt's care. (Doc. Nos. 1 at 3 ¶ 3; 27-5 at 4, ¶ 15). Given Merritt's testimony and the supporting evidence, it is deemed admitted that Merritt was not subjectively aware of the risk that Plaintiff had Valley Fever. Fed. R. Civ. P. 56(e)(2).

In *Toguchi v. Chung*, the Ninth Circuit held, repeatedly, that absent a medical provider's awareness of the risks to the plaintiff, the provider cannot be liable for deliberate indifference. 391 F.33d at 1058-1060. That is precisely the situation here. This is unlike cases in which a provider personally determined that treatment was needed or was aware that other medical professionals had recommended a particular course of action, and then disregarded those conclusions. *Cf. Snow*, 681 F.3d at 986, *overruled on other grounds by Peralta v. Dillard*, 744 F.3d 1076, 1083 (9th Cir. 2014) (denial of surgery that had been recommended by specialists and treating physician could establish deliberate indifference); *Jett*, 439 F.3d at 1096 (aftercare instructions, medical slips, medical grievance, letter, and radiology report suggested that doctor was aware of need for treatment, creating genuine dispute); *see also Colwell*, 763 F.3d at 1068 (genuine dispute on deliberate indifference where plaintiff surgery was denied recommend surgery on grounds of administrative policy rather than medical need). Here, the uncontroverted evidence demonstrates that Merritt did not recognize the risk that Plaintiff may have had Valley Fever, and thus was not deliberately indifferent to his medical needs.

The only arguably evidence in the record to suggest Defendant Merritt was subjectively aware Plaintiff had Valley Fever is Plaintiff's allegation in the complaint that "they knew I had it and just kept pushing me away." (Doc. No. 1 at 3 ¶ 3). While this statement is deemed true at the motion to dismiss stage, this conclusory statement, unsupported by specific facts, is insufficient to create a genuine dispute for trial at the summary judgment stage. *Soremekun*, 509 F.3d at 984. Because it is undisputed that Merritt never drew the inference that Plaintiff had Valley Fever, Merritt cannot be liable for deliberate indifference.

In sum, the undersigned finds no evidence raising a triable issue of fact as to whether Merritt was deliberately indifferent to Plaintiff's medical needs. The undersigned recommends that Defendant Merritt be granted summary judgment on this claim.

### 2. McCoy Was Not Deliberately Indifferent

The record shows no genuine dispute of material fact concerning whether Defendant McCoy acted with deliberate indifference to Plaintiff's serious medical condition. Again, the second prong requires evidence that the defendant actually recognized a risk of serious harm and

disregarded that risk. *Farmer*, 511 U.S. at 837. Under penalty of perjury, McCoy declared that he was never aware that Plaintiff had Valley Fever and that Plaintiff did not exhibit Valley Fever symptoms whenever McCoy examined him. (Doc. No. 27-7 at 3 ¶ 10). McCoy's testimony is consistent with the medical records submitted. (Doc. No. 27-7 at 2-3 ¶¶ 8-10, 14-19).

On December 4, 2017, Plaintiff submitted a health care services request form stating that he was "really sick." (Doc. No. 27-7 at 2 ¶ 8). In response to this request, McCoy met with Plaintiff the next day, at which time Plaintiff informed him that his symptoms—nausea and vomiting—had cleared up. (*Id.*). McCoy was aware that chills, cough fever, loss of appetite, night sweats, or weight loss greater than ten pounds may be symptoms of Valley Fever, but Plaintiff denied having such symptoms. (*Id.* at 2 ¶¶ 5, 8). Nothing about this appointment caused McCoy to insist that Plaintiff meet with his primary care provider earlier than scheduled. (*Id.* at 2 ¶ 8). After meeting with McCoy on December 5, 2017, Plaintiff had a pre-existing appointment with his primary care provider, Defendant Merritt. (Doc. Nos. 27-6 at 2 ¶ 11; 27-7 at 2 ¶ 8).

On December 6, 2017, Plaintiff submitted another health care services request form stating that he had been sick for the past three days, that his symptoms were getting worse, and the medications given to him were not working. (*Id.* at 3 ¶ 9, 19). McCoy met with Plaintiff two days later, or on December 8, 2017. At that encounter, Plaintiff stated that his symptoms had resolved and he had no complaints. (*Id.* at 3 ¶ 9). No clinical findings caused McCoy to refer Plaintiff to his primary care provider. (*Id.*). McCoy advised Plaintiff to submit another health care services form as needed. (*Id.*). McCoy did not examine Plaintiff after December 8, 2017. (*Id.*). McCoy had no further responsibility for Plaintiff's care after December 20, 2017, when Plaintiff was transferred to RJD. *See Hardy v. 3 Unknown Agents*, 690 F.Supp.2d 1074, 1102 (C.D. Cal. 2010) (provider not responsible for plaintiff's care after transfer to another facility). Given these undisputed facts, McCoy has established he was not subjectively aware that Plaintiff had Valley Fever and is entitled to summary judgment on Plaintiff's deliberate indifference claim. *Toguchi*, 391 F.3d at 1058-60.

The Court next considers whether any evidence in the record creates a triable issue of material fact as to McCoy's knowledge that Plaintiff had Valley Fever. It does not. The record

shows Plaintiff made his initial request for Valley Fever testing on December 12, 2017. (Doc. No. 27-8 at 8:25-9:2). The request was submitted via a health services request form, which was not delivered to any specific provider, but instead dropped in a box outside of the medical services office. (*Id*. at 9:3-15). McCoy testified that he was not aware of Plaintiff requesting a Valley Fever test. (Doc. No. 27-7 at 3 ¶ 10). This appears to be confirmed by the medical records, which indicate that registered nurse M. Fishburn reviewed Plaintiff's health care services form and saw him the same day. (Doc. No. 27-5 at 4 ¶ 12, 15). Plaintiff submitted no evidence on this point, and thus the matter could be deemed admitted. Fed. R. Civ. P. 56(e)(2).

Admittedly, there is somewhat ambiguous deposition testimony from Plaintiff in the record suggesting that McCoy may have been made aware of Plaintiff's request for Valley Fever testing on December 12, 2017. (Doc. No. 27-8 at 9:16-21). However, this testimony does not create a genuine dispute of material fact because it would not change the outcome of the case. *See Anderson,* 477 U.S. at 247. Even if the evidence established that McCoy had been made aware of Plaintiff's request for testing on December 12, 2017, at most the record would show a difference of opinion between the two of them as to whether testing was warranted; it would not demonstrate that McCoy was subjectively aware that Plaintiff had Valley Fever. Deliberate indifference requires a greater showing than a mere difference of opinion between the plaintiff and defendant. *Hamby*, 821 F.3d at 1092. Indeed, a difference of medical opinion does not establish deliberate indifference. *Toguchi*, 391 F.3d at 1058, 1060. Because Plaintiff cannot establish deliberate indifference based on difference of opinion, the issue of whether McCoy was on notice of Plaintiff's testing request is not material to this claim and cannot create a genuine dispute for trial.

In support of Plaintiff's claim then, the only relevant record evidence is Plaintiff's allegation in his complaint "they knew I had it." (Doc. No. 1 at 3 ¶ 3). As discussed above this conclusory statement, unsupported by specific facts as to McCoy's knowledge that Plaintiff had Valley Fever, is insufficient to create a genuine issue for trial. *See Supra* at Section III(E)(2); *see also Soremekun*, 509 F.3d at 984.

12

Based upon the record, the undersigned finds no evidence raising a triable issue of fact as to whether McCoy was deliberately indifferent to Plaintiff's medical needs and recommends that Defendant McCoy be granted summary judgment on this claim.

### 3. Plaintiff Cannot Establish Deliberate Indifference Based on Medical Negligence

Defendants also argue that a negligent failure to diagnose Valley Fever does not rise to the level of deliberate indifference. (Doc. No. at 10). The Court agrees that to the extent Plaintiff's allegations may be construed to suggest that a negligent failure to diagnose Valley Fever constitutes deliberate indifference, there is no genuine dispute for trial. In order to establish deliberate indifference, Plaintiff must show that the provider's conduct was medically unacceptable, not merely negligent. *Hamby*, 821 F.3d at 1092. The undisputed facts establish that Defendants' assessment of Plaintiff's medical needs—that he did not need testing or treatment for Valley Fever—was reasonable. (Doc. Nos. 27-4 at 6 ¶ 23; 27-5 at 5 ¶ 19). Two experts opined that Merritt's conduct was medically acceptable (Doc. Nos. 27-4 at 6 ¶ 23; 27-5 at 5 ¶¶ 19, 20), and that McCoy's conduct was also medically acceptable (Doc. Nos. 27-4 at 6 ¶ 23; 27-5 at 5 ¶¶ 18, 20). Plaintiff has not rebutted Defendants' expert testimony. Plaintiff concedes he is not a medical expert (Doc. No. 27-8 at 5:12-13) and has submitted no expert testimony to contradict or dispute the two experts' opinions. There is no genuine dispute as to the medical acceptability of Merritt's and McCoy's conduct.

Moreover, a negligent misdiagnosis by Merritt or McCoy, which is not supported by the record, does not rise to the level of deliberate indifference. *Estelle*, 429 U.S. at 105. Courts have consistently held that a negligent misdiagnosis does not create liability under the Eighth Amendment. *Wilhelm,* 680 F.3d at 1123 (doctor's decision not to operate because he incorrectly concluded plaintiff was not suffering from a hernia could not establish Eighth Amendment violation); *see also Griffith v. Franklin Cty., Kentucky*, 975 F.3d 554, 573 (6th Cir. 2020) (negligent failure to take more aggressive steps to monitor plaintiff's health would not violate Eighth Amendment); *Self v. Crum*, 429 F.3d 1227, 1233 (10th Cir. 2006) (negligent failure to

diagnose respiratory condition did not violate Eighth Amendment). Therefore, to the extent Plaintiff's claim could be construed as one for negligent misdiagnosis, it fails as a matter of law.

### 4. The Court Need Not Decide Whether Plaintiff Was Harmed by Defendants

In the alternative, Defendants seek summary judgment on the grounds that there is no evidence Plaintiff was harmed by Defendants. (Doc. No. 27-1 at 10). Harm is an essential element of a deliberate indifference claim. *McGuckin*, 974 F.2d at 1060, *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997). Defendants submit an expert opinion that Plaintiff suffered no harm from any potential delay in his diagnosis or treatment. (Doc. No. 27-2 at 6 ¶ 24).

The undersigned notes some ambiguity in the record on the issue of harm. For instance, in June 2018, an infectious disease specialist was concerned that Plaintiff had a Valley Fever infection that had been left untreated, requiring Plaintiff to undergo a bone scan and lumbar puncture. (*Id.* at 5 ¶ 17). Additionally, Plaintiff asserts that he "suffered for six months," experienced chest pains, could not sleep, and coughed up blood. (Doc. No. 1 at 3 ¶¶ 3-4). Defendants' expert does not acknowledge or address either of these sets of facts in the record. Though delay in diagnosis or treatment does not, alone, establish harm in this context, ongoing pain and the necessity of additional medical procedures due to delay could arguably be sufficient to demonstrate harm. *See Jett*, 439 F.3d at 1097-98 (delay that caused pain and diminished use of hand sufficient to state deliberate indifference claim).

Admittedly and critical to this issue is the fact that Plaintiff's diagnosis and the onset of his physical symptoms occurred after he was transferred and after his treatment by Defendants ended. Defendants do not specifically address whether there was a causal connection between any harm Plaintiff might have experienced and Defendants' conduct (*see* Doc. No. 27-1), and the Court does not address that issue. Because the Court concludes that summary judgment be granted to Defendants on other grounds, it need not reach this alternative argument that Plaintiff was not harmed by Defendants.

///

### E. Qualified Immunity

Defendants also argue they are entitled to summary judgment on the grounds of qualified immunity. (Doc. No. 27-1 at 1, 12). The defense of qualified immunity shields government officials from liability, *Taylor v. Barkes*, 575 U.S. 822, 825 (2015), but becomes relevant only if a court determines that a constitutional violation has occurred. Because the Court here has determined that no constitutional violation has occurred and Defendants are entitled to summary judgment on Plaintiff's Eighth Amendment claim, the Court need not address this defense.

Accordingly, it is **RECOMMENDED**:

1. Defendants' Motion for Summary Judgment (Doc. No. 27) is GRANTED.
2. Judgment be entered in favor of the Defendants; all deadlines be terminated; and the case be closed.

**NOTICE TO PARTIES**

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, a party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:    November 30, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE